# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| CAMPANELLA D'ANGELO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV608-057 |
| ) | |
| LT. TONY TAYLOR; KEITH ) | |
| MCINTYRE, *Assistant District* ) | |
| *Attorney*; and OGEECHEE PUBLIC ) | |
| DEFENDER'S OFFICE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Campanella D'Angelo, an inmate currently confined at Screven County Jail in Sylvania, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis*. (Docs. 1 & 2.) As D'Angelo appears to lack sufficient resources to pay the filing fee, his motion to proceed *in forma pauperis* is **GRANTED**; for the following reasons, however, his complaint should be **DISMISSED**.

In his complaint, D'Angelo asserts that the pre-trial proceedings in his state criminal case have been rife with constitutional violations. Specifically, he asserts that: (1) Lt. Tony Taylor willfully made misrepresentations in his affidavit to obtain an arrest warrant; (2) Lt. Taylor made misleading statements to the grand jury; (3) Assistant District Attorney Keith McIntyre made misrepresentations during his bail hearing; (4) McIntyre denied him the right to present witnesses in his favor and the right to a fair and impartial preliminary hearing; (5) the Ogeechee Circuit Public Defender's Office, along with McIntyre, denied him the right to effective assistance of counsel; (6) McIntyre denied him due process during the bail hearing; and (7) McIntyre and the public defender's office acted in concert to deny him bail. (Doc. 1 at 5-5(a).) As relief, D'Angelo seeks release from jail, release on bond, or damages. (Id. at 6.)[1]

---

[1] D'Angelo previously filed a petition seeking to remove his state criminal prosecution for child molestation pursuant to 28 U.S.C. § 1443(1). D'Angelo v. Superior Court of Screven County, CV608-033 (S.D. Ga. filed May 7, 2008). This Court denied that petition on June 2, 2008. Id. The current complaint appears to relate to the same criminal prosecution challenged in that case.

To the extent that D'Angelo seeks release from confinement as relief, his claim cannot properly be brought pursuant to § 1983. When a state prisoner challenges the fact (rather than the conditions) of his confinement and seeks immediate or speedier release from custody as relief, "his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1261 (11th Cir. 2004); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003). As D'Angelo is a pre-trial detainee, he must seek habeas relief pursuant to 28 U.S.C. § 2241. Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004) (habeas application filed by state pretrial detainee is "'governed by § 2241 only'"); Stacey v. Warden, Appalachee Corr. Inst., 854 F.2d 401 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). However, before a petitioner can pursue federal habeas relief in this Court, he must first exhaust his state court remedies. While § 2241 does not contain an exhaustion requirement resembling that found in 28 U.S.C. § 2254, the

3

common law exhaustion requirement codified in § 2254(b) "applies to all habeas corpus actions," including § 2241 petitions. Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1973); Thomas v. Crosby, 371 F.3d at 812 ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, J., concurring); Morgan v. St. Lawrence, 2007 WL 1812630, at *2 (S.D. Ga. 2007). D'Angelo does not allege that he has given the state courts a full and fair opportunity to review his claims. Accordingly, he cannot yet bring a federal habeas petition.[2]

---

[2] Additionally, grounds three, six, and seven of D'Angelo's complaint challenge the denial of bail and the procedures used during his bail hearing. "[A] federal court does not sit in appellate review of a state court's exercise of judicial discretion in its grant or denial of bail." Young v. Hubbard, 673 F.2d 132, 134 (11th Cir. 1982) (citing Hamilton v. New Mexico, 479 F.2d 343 (10th Cir. 1973)). While a federal court is empowered to review the constitutionality of the denial of bail, a petitioner generally has to show that he has exhausted his state avenues of relief before a federal court will hear his habeas claim. Id.; see also 28 U.S.C. § 2254(b). Georgia courts will hear challenges to the denial of bail or the setting of pretrial release conditions during a state habeas proceeding. See O.C.G.A. § 9-14-1(a) (providing that "[a]ny person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint"); Fields v. Tankersley, 487 F. Supp. 1389, 1391 (S.D. Ga. 1980). Because D'Angelo does not allege that he has petitioned for habeas relief in the state courts, he fails to sufficiently allege exhaustion of his state court remedies.

Additionally, to the extent that D'Angelo seeks monetary damages rather than release from custody as relief, his action is premature. Under Younger v. Harris, 401 U.S. 37, 41 (1971), a federal court may not enjoin a pending state criminal proceeding where the alleged violation of the plaintiff's federal rights can be addressed by the state court. The Eleventh Circuit extended the Younger rule to § 1983 actions for money damages in Doby v. Strength, 758 F.2d 1405, 1406 (11th Cir. 1985). The Doby court held that when an issue raised in a federal court through a § 1983 damages action is then pending in a state court proceeding, federal abstention on that issue is proper until the state court rules on the issue. Id.; Simpson v. Rowan, 73 F.3d 134, 137 n.6 (7th Cir. 1995); Feaster v. Miksch, 846 F.2d 21, 24 (6th Cir. 1988); see also Heck v. Humphrey, 512 U.S. 477, 487 n.8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings."). D'Angelo's complaint calls into question the legitimacy of his arrest warrant and the charges pending against

him in state court. Any decision by a federal court on these issues would substantially interfere with, and potentially undermine, the results reached in the state court proceeding. Accordingly, D'Angelo's complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 22nd day of July, 2008.

>  /s/ G.R. SMITH
> **UNITED STATES MAGISTRATE JUDGE**
> **SOUTHERN DISTRICT OF GEORGIA**